IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEVID ABEL VALDEZ VALDEZ, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 3:CV-11-1314 |
| DEPARTMENT OF HOMELAND SECURITY, ET AL., | : | (Judge Conaboy) |
| Respondents[1] | : | |

FILED SCRANTON
JUL 10 2012
PER _____
DEPUTY CLERK

### MEMORANDUM
### Background

Levid Abel Valdez Valdez, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") presently confined at the York County Prison, York, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims entitlement to federal habeas corpus relief on the grounds that his continued mandatory detention by ICE pending completion of his removal proceedings is unconstitutional. Service of the petition was previously ordered.

On June 29, 2012, Respondents filed a "Suggestion of Mootness" stating that "Valdez was released from ICE custody on

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242.

1

April 26, 2012 and is residing in Philadelphia, Pennsylvania." Doc. 16, p. 1. The Notice further provides that deportation proceedings against Valdez have been terminated. Consequently, Respondents seek dismissal of the petition on the basis of mootness.

## Discussion

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present

adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As previously discussed, Respondents have notified the Court that Petitioner was released from ICE custody on April 26, 2012. According to an accompanying Case Summary, the deportation proceedings against Petitioner were terminated on April 26, 2012 and he was released from custody on said date. See Doc. 16, Exhibit 1, p. 1.

Since Valdez has been released from ICE custody, under the principles set forth in Steffel, his challenge to detention pending completion of his removal proceedings is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JULY 10th, 2012

3